IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JOHN H. LOCKLEY,
    Petitioner,

vs.                                      Case No. 3:08cv97/MCR/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Petitioner is represented by counsel in this proceeding. Respondent filed an answer to the petition and relevant portions of the state court record (Doc. 7). Petitioner filed a reply (Doc. 11).

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

       The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 7, Exhibits). Petitioner was charged by amended information in the Circuit Court for Walton County, Florida, with one count of robbery with a firearm (*id.*, Ex. B at 43). Pursuant to a written plea agreement, Petitioner and the State agreed that Petitioner would plead nolo contendere to the charge of armed robbery, appear at all proceedings, and testify

truthfully against his co-Defendants, and the State would recommend a minimum mandatory sentence of ten (10) years of imprisonment (*id.* at 45–46). The trial court conducted a plea colloquy and accepted the plea (*id.* at 48–65). On April 6, 2006, Petitioner was sentenced to a ten-year mandatory minimum sentence pursuant to Florida Statutes § 775.087(2), which provides for a ten-year mandatory minimum sentence for conviction of robbery during which the defendant actually possessed a firearm (*id.* at 67–81). Petitioner did not appeal the judgment of conviction and sentence.

On June 27, 2006, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 7, Ex. B at 1–3). The trial court summarily denied the motion in a written opinion rendered on September 15, 2006 (*id.* at 21–81). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam on April 12, 2007, with the mandate issuing May 8, 2007 (Doc. 7, Exs. F, G). Lockley v. State, 954 So. 2d (Fla. 1st DCA Apr. 12, 2007) (Table).

Petitioner filed the instant habeas action on March 7, 2008 (Doc. 1 at 1). Respondent concedes that the petition is timely (Doc. 7 at 9–10).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>      (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[1]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  Neelley v.

---

[1]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). The State court's incorrect or erroneous

application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion." Williams, 529 U.S. at 410–12.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, --- U.S. --- 127 S. Ct. 2842, 2858, --- L. Ed. 2d --- (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

III.     EXHAUSTION AND DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it

---

[2]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
      (A) the applicant has exhausted the remedies available in the courts of the State; or
      (B) (i) there is an absence of available State corrective process; or
         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[3] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a

---

[3]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

Case No. 3:08cv97/MCR/EMT

claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* With regard to this statement, the Eleventh Circuit stated in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"<u>McNair</u> [v. Campbell], 315 F. Supp. 2d at 1184 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[4]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* <u>Coleman v. Thompson</u>, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); <u>Caniff v. Moore</u>, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); <u>Chambers v. Thompson</u>, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* <u>Tower v. Phillips</u>, 7 F.3d 206, 210 (11th Cir. 1993); <u>Parker v. Dugger</u>, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. <u>Bailey</u>, 172 F.3d at 1303. In the second instance, a federal court

---

[4]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.*. A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[5] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

---

[5]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

Case No. 3:08cv97/MCR/EMT

>a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

>Within this framework, the court will review Petitioner's claim.

IV.   PETITIONER'S CLAIM

>Ground one:  The state court erred by denying Petitioner Lockley's challenge of the ten-year minimum mandatory sentence.

Petitioner claims that in his post-conviction motion, he alleged that he never possessed a firearm and therefore it was improper for the trial court to impose a minimum mandatory sentence pursuant to Florida's 10/20/Life statute (Doc. 1 at 4). Petitioner states he explained in his Rule 3.850 motion that the weapon in question was actually a BB gun (*id.*). Petitioner contends Florida law only allows imposition of the 10/20/Life statute if the defendant actually possessed a firearm, and under Florida law, a BB gun is not a firearm for purposes of the 10/20/Life statute (*id.*). Therefore, there was an insufficient factual basis for imposition of the ten-year minimum mandatory sentence "and/or" trial counsel was ineffective for failing to point out to the trial court that the 10/20/Life statute was inapplicable to Petitioner's case (*id.*). On page 4 of the instant petition, Petitioner expressly incorporates a memorandum filed in support of his petition (*id.*). In his supporting memorandum, Petitioner contends the trial court's imposition of the ten-year mandatory minimum term violated the Sixth Amendment and Due Process Clause because Petitioner never admitted to possessing a firearm, and that fact was not found by a jury beyond a reasonable doubt (Doc. 2 at 6–7). He additionally contends that his trial counsel was ineffective for failing to argue to the trial court that the 10/20/Life sentence did not apply to Petitioner (*id.* at 7–8). Petitioner argues the state post-conviction court's denial of his claim was contrary to and an unreasonable application of Blakely v. Washington, 542 U.S. 296 (2004), In re Winship, 397 U.S. 358 (1970), and Strickland v. Washington, 446 U.S. 668 (1984) (*id.* at 8).

Respondent contends Petitioner did not fairly present the federal nature of his claim to the state courts (Doc. 7 at 10–18). Furthermore, Petitioner cannot return to state court to exhaust the claim; therefore, the claim is procedurally barred from federal review (*id.*). Moreover, Petitioner

has failed to show cause and prejudice to overcome the procedural bar (*id.*).  Therefore, the habeas petition should be denied.

Review of the state court record shows that in Petitioner's Rule 3.850 motion, Petitioner claimed that the trial court's imposition of a mandatory minimum sentence pursuant to the 10/20/Life statute was illegal because there was not a sufficient factual basis to invoke the mandatory minimum as the gun involved was a BB gun not a firearm as defined in the state statute, and the trial court failed to inquire into the factual basis for imposition of the mandatory minimum sentence (Doc. 7, Ex. B at 2).  Petitioner further asserted that his attorney and the prosecutor were aware of his contention that the gun involved was a BB gun (*id.* at 1).  Petitioner asserted that if he had known that a BB gun did not satisfy the definition of "firearm" for purposes of the 10/20/Life statute, he would not have pled to the charge and would have proceeded to trial (*id.* at 2–3).

The undersigned concludes that the only federal claim that Petitioner fairly presented to the state courts in his Rule 3.850 motion was a challenge to the knowing and voluntary nature of his plea based upon two grounds:  (1) counsel's failure to advise him that a BB gun was not a firearm for purposes of the 10/20/Life statute, and (2) the trial court's failure to inquire as to whether there was a sufficient factual basis for imposition of the mandatory minimum sentence agreed to by the parties in the plea agreement (*see* Doc. 7, Ex. D at 45–46).[6]  Petitioner does not present a challenge to his plea in the instant federal petition.  The only claims asserted by Petitioner's counsel in the instant petition are (1) whether the trial court's imposition of the ten-year mandatory minimum term violated the Sixth Amendment and Due Process Clause because Petitioner never admitted to

---

[6]In addition to this federal claim, Petitioner also asserted a claim that the trial court erred under state law by imposing the mandatory minimum sentence where the weapon used did not qualify as a firearm under the 10/20/Life statute.  Petitioner's challenge to the imposition of the mandatory minimum sentence on the ground that there was not a sufficient factual predicate presents only an issue of state law, which is not cognizable in federal habeas, to the extent Petitioner raises it in the instant petition.  Federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); Wainwright v. Goode, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1981); Sims v. Singletary, 155 F.3d 1297, 1312 (11th Cir. 1998).  The law is well settled in the Eleventh Circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.  Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983); Jones v. Estelle, 622 F.2d 124 (5th Cir. 1980); Willeford v. Estelle, 538 F.2d 1194 (5th Cir. 1976).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  Branan, 861 F.2d at 1508 (citation omitted).  Therefore, to the extent Petitioner challenges the trial court's imposition of the mandatory minimum sentence on the ground that his weapon did not qualify as a firearm under the 10/20/Life statute, his claim is not subject to review in this federal habeas proceeding.

possessing a firearm, and that fact was not found by a jury beyond a reasonable doubt, and (2) whether Petitioner received ineffective assistance of counsel based upon counsel's failure to argue to the trial court at sentencing that the 10/20/Life sentence did not apply to Petitioner. As to the first claim, Petitioner did not fairly present to the state courts a claim that the court's imposition of the mandatory minimum sentence violated his rights under the Sixth Amendment and Due Process Clause to have any fact used to increase his sentence found beyond a reasonable doubt by a jury or admitted by him. Although Petitioner referenced his due process rights guaranteed by the Sixth and Fourteenth Amendments in his post-conviction appellate brief (*see* Doc. 7, Ex. D at 4), he did not make the specific due process argument that he makes in the instant petition, that is, that the court's imposition of the mandatory minimum sentence violated his rights under the Sixth Amendment and Due Process Clause to have any fact used to increase his sentence found beyond a reasonable doubt by a jury or admitted by him. Furthermore, Petitioner's raising a federal claim for the first time in his appellate brief did not satisfy the "fair presentment" requirement as Florida law provides that an appeal may not be taken from an order of a trial court unless a prejudicial error is properly preserved or, if not properly preserved, would constitute fundamental error. Fla. Stat. § 924.051(3). An issue or legal argument is "preserved" if it was "timely raised before, and ruled on by, the trial court," and was "sufficiently precise that it fairly apprised the trial court of . . . the grounds therefor." Fla. Stat. § 924.051(1)(b). In the instant case, Petitioner did not assert in his Rule 3.850 motion a federal challenge to the propriety of the trial court's imposition of the mandatory minimum sentence, independent of his challenge to his plea, and he did not present the issue as one of fundamental error in his appellate brief.[7] Therefore, Petitioner did not properly or fairly present to the state courts a

---

[7]In his post-conviction motion, the only state case cited by Petitioner which relied upon federal grounds was Brazeail v. State, 821 So. 2d 364 (Fla. 1st DCA 2002). Petitioner cited this case in support of his claim that had he known that a mandatory minimum term under the 10/20/Life statute could not be imposed for a BB gun, he would not have entered a plea and would have proceeded to trial (*see* Doc. 7, Ex. D at 2–3). In Brazeail, the Florida First DCA held that a Rule 3.850 movant's post-conviction motion set forth a colorable claim for relief under the decisional law of Florida relating to involuntary pleas as well as under the Sixth Amendment theory of ineffective assistance of counsel where the movant alleged in his post-conviction motion that his plea had not been voluntarily, knowingly, and intelligently entered because his counsel had incorrectly advised him that he would be eligible for release after serving no more than four years of his sentence, and he further alleged that he would not have entered the plea if he had known that he would have to serve at least 85 percent of his seven-year sentence. The Brazeail court did not decide a claim of trial court error in imposition of a mandatory minimum sentence on the ground that the defendant never admitted to a predicate fact, and that fact was not found by a jury beyond a reasonable doubt, in violation of the Sixth Amendment

federal challenge to imposition of the mandatory minimum sentence, independent of the challenge to his plea. *See* Kokal v. State, 901 So. 2d 766, 778–79 (Fla. 2005) (where post-conviction petitioner did not present to the trial court in his post-conviction motion the specific claim that the State violated his due process rights by failing to preserve evidence, the claim was procedurally barred on appellate review of the order denying the post-conviction motion because petitioner failed to preserve that specific issue for appellate review). Additionally, Petitioner did not fairly present a claim of ineffective assistance of counsel based upon counsel's failure to inform the trial court that Petitioner possessed only a BB gun, which is the only ineffective assistance of counsel claim that Petitioner raises in the instant petition (*see* Doc. 1 at 4; Doc. 2 at 8).[8] Although Petitioner presented this ineffective assistance claim to the First DCA on appeal of his Rule 3.850 motion (*see* Doc. 7, Ex. D at 5–7), he did not present this specific claim of ineffective assistance of counsel to the trial court in his Rule 3.850 motion. Therefore, Petitioner did not properly or fairly present to the state courts a claim of ineffective assistance of counsel based upon counsel's failure to inform the trial court, in the form of an objection or otherwise, that Petitioner possessed only a BB gun and, therefore, did not qualify for imposition of a 10/20/Life sentence.

Based upon the foregoing, the undersigned concludes that Petitioner failed to exhaust the federal claims presented in the instant federal petition, specifically, that the trial court's imposition of the mandatory minimum sentence violated his rights under the Sixth Amendment and Due Process Clause to have any fact used to increase his sentence found beyond a reasonable doubt by a jury or admitted by him, and that he received ineffective assistance of counsel based upon counsel's failure to inform the trial court, in the form of an objection or otherwise, that Petitioner possessed only a BB gun, which did not qualify as a firearm under the 10/20/Life statute. Petitioner's failure to present these claims until the instant federal proceeding means that he

---

and Due Process Clause. Thus, Petitioner's citation to Brazeail was insufficient to fairly present a federal challenge to the trial court's imposition of the mandatory minimum sentence.

[8]As previously noted, Petitioner raised a claim of ineffective assistance of counsel in his Rule 3.850 motion, but he did so in the context of a challenge to his plea by including the following in his motion: (1) an allegation that counsel knew that Petitioner possessed a BB gun, which did not qualify as a "firearm," (2) an assertion that Petitioner's lack of awareness of the fact that a BB gun was not a firearm rendered his plea unknowing, and (3) his citation to Brazeail v. State, which dealt with a post-conviction challenge to a plea based upon misadvice by counsel (*see* Doc. 7, Ex. D at 1–3).

deprived the state courts of "the first opportunity to hear the claim[ ] sought to be vindicated in a federal habeas proceeding. " Bailey, 172 F.3d at 1305 (internal quotation omitted).  Furthermore, this court applies the familiar principle that "federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Id.*

In the instant case, Petitioner's failure to raise his Sixth Amendment, due process, and ineffective assistance claims in his first Rule 3.850 motion in the Florida courts bars him from raising the claims in a successive motion.  *See* Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing Mills v. Florida, 684 So. 2d 801, 804 n.3 (Fla. 1996); Spaziano v. State, 545 So. 2d 843, 844 (Fla. 1989) ("Unless petitioner shows justification for failure to raise the present issue in the first petition, the second successive petition pursuant to Florida Rule of Criminal Procedure 3.850 may be dismissed as an abuse of procedure."); Snowden v. Singletary, 135 F.3d 732, 736 n.4 (11th Cir. 1998)).  Furthermore, Petitioner does not allege cause for his failure to fairly present these claims to the state courts; he simply argues, "Applying the liberal construction doctrine to Petitioner Lockley's *pro se* [post-conviction] motion, Petitioner Lockley submits that the claim raised in the instant federal habeas proceeding was exhausted and fairly presented in state court (pursuant to Petitioner Lockley's state postconviction motion)" (*see* Doc. 11 at 2).  Therefore, the claims presented in the instant habeas petition are procedurally barred from federal review.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola, Florida, this 3rd day of October 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**